NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-188

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 527835

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The Sex Offender Registry Board (SORB) appeals from a Superior Court judgment vacating SORB's classification of the plaintiff, John Doe,[1] as a level two offender.[2]  We agree with the Superior Court judge that it was reasonable for the hearing examiner to conclude that the victims' hearsay statements were substantially reliable.  Concluding that the examiner did not assume the role of an expert when she wrote that "[t]he facts and factors described . . . suggest a significant interest and

---

[1] A pseudonym.

[2] Doe also filed a cross appeal seeking to reverse so much of the judgment that rejected his hearsay-related challenge.

drive to sexually touch children, a sexual deviance," we reverse.

1. _Standard of review_.  "[A] decision of SORB 'may only be set aside if the court determines that the decision is unsupported by substantial evidence or is arbitrary or capricious, an abuse of discretion, or not in accordance with law.'"  Doe, Sex Offender Registry Bd. No. 22188 v. Sex Offender Registry Bd., 101 Mass. App. Ct. 797, 801 (2022), quoting Doe, Sex Offender Registry Bd. No. 6969 v. Sex Offender Registry Bd., 99 Mass. App. Ct. 533, 537 (2021).  We review the Superior Court judge's decision de novo.  See Doe, Sex Offender Registry Bd. No. 22164 v. Sex Offender Registry Bd., 103 Mass. App. Ct. 431, 433 (2023).

2. _Role of the examiner_.  In her decision, the examiner wrote, "I note that the Board recognizes that the strongest predictors of sexual recidivism for all sex offenders are variables related to social deviance and antisocial orientation (803 CMR 1.30).[3]  The facts and factors described above all suggest a significant interest and drive to sexually touch children, a sexual deviance."  Doe argues that the hearing

---

[3] As the Superior Court judge pointed out, the examiner plainly intended to cite 803 Code Mass. Regs. § 1.33 (2016), not § 1.30.

2

examiner assumed the role of an expert through her discussion of sexual deviance.  We disagree.

The term "sexual deviance" could be a code word for a paraphilia, such as pedophilia, or it could refer simply to sexual acts forbidden by law or society.  Absent compelling reason to believe otherwise, we expect that a SORB examiner used the term in the same sense as used in the SORB regulations.  The term first appears in the preamble of 803 Code Mass. Regs. § 1.33 (2016),[4] which states that "the strongest predictors of sexual recidivism for all sex offenders are variables related to antisocial orientation and sexual deviance.  (Cortoni, 2010; Hanson and Morton-Bourgon, 2004; Prescott 2006)."

This regulation cites Dr. R. Karl Hanson's study, Hanson and Morton-Bourgon, Predictors of Sexual Recidivism:  An Updated Meta-Analysis (Public Works & Government Services Canada 2004) (Hanson study), which states, "Although all sexual offending is socially deviant, not all offenders have an enduring interest in sexual acts that are illegal (e.g., children, rape) or highly unusual (e.g., fetishism, auto-erotic asphyxia).  Sexual recidivism increases when such deviant interests are present, as

---

[4] "Title 803 Code Mass. Regs. §§ 1.00 was recently amended, effective April 25, 2025.  We refer to the version of the regulations in effect at the time of the hearing examiner's decision."  Doe, Sex Offender Registry Bd. No. 528042 v. Sex Offender Registry Bd., 496 Mass. 437, 440 n.3 (2025).

3

indicated by self-report, offence history, or specialized testing."  Accordingly, the Hanson study uses the term sexual deviance to refer to criminal or forbidden behavior and interests, not to an underlying mental health diagnosis.

The first SORB factor, mental abnormality, supports this distinction as the factor recognizes that sexual deviance may or may not be associated with mental abnormality.  See 803 Code Mass. Regs. § 1.33(1)(a) ("The presence of a statutorily defined mental abnormality specifically related to sexual deviance is significantly associated with an increased risk of reoffense").  Indeed, the examiner here did not apply factor 1, suggesting that she did not see the defendant's sexual deviance as related to a mental abnormality.

The term next appears in factor 3, adult offender with a child victim, which states, "Offenders who target prepubescent children, generally younger than 13 years old, are more likely to have a deviant sexual interest."  803 Code Mass. Regs. § 1.33(3)(a).[5]  Again, the regulations equate sexual deviance with forbidden sexual acts, not necessarily the product of a mental abnormality.

The term also appears in factors 4, 20, and 36.  Factor 4, age at first offense, states, "Age at first offense is an

_____

[5] The examiner applied full weight to factor 3.

4

important variable related to risk of reoffense and degree of sexual deviance.  Offenders who manifest an early onset and persistence of deviant sexual interests or behaviors are at a higher risk to reoffend sexually."  803 Code Mass. Regs. § 1.33(4)(a).  Factor 20, diverse sexual behavior, states, "Diverse sexual behavior may reflect sexual preoccupation, elevated sex drive, or sexual deviance."  803 Code Mass. Regs. § 1.33(20)(a).  Finally, factor 36, online offending behavior, regarding child pornography states, "Evidence of sexual deviance may demonstrate an increase in risk to commit contact sex offenses."  803 Code Mass. Regs. § 1.33(36)(a)(1).  This factor further explains as follows:

> "Useful indicators of sexual deviance include, but are not limited to:  evidence of actively searching for images of prepubescent children; collecting larger amounts of prepubescent pornography relative to adolescent or adult pornography; collecting larger amounts of child pornography relative to adult pornography; sorting and organizing files versus random downloading; and primarily focusing on child pornography depicting boys or a higher boy to girl ratio in a collection."

803 Code Mass. Regs. § 1.33(36)(a)(1).  In every usage in the SORB regulations, "sexual deviance" refers to forbidden sexual acts, not to acts that are the product of a mental abnormality.

In light of this, there is no reason to believe that the examiner found sub silentio that Doe suffered from a mental abnormality.  The purpose of the regulatory scheme is for an examiner to determine how likely an offender is to commit

5

further criminal sexual acts and the degree of dangerousness, determinations that can be made without an expert opinion or a finding of mental abnormality.  See Doe, Sex Offender Registry Bd. No. 10216 v. Sex Offender Registry Bd., 447 Mass. 779, 786 (2006) (SORB not "required to present expert testimony in support of its position before the examiner").  That the examiner did so is no basis for concluding that she diagnosed a mental abnormality.

Similarly, the examiner's statement that Doe's actions toward the 2020 victim's twin were "perilously close and consistent with 'test' touches common to persons grooming children for later sexual misconduct" did not require expertise. This was a reasonable interpretation of Doe's actions in "touch[ing] . . . her 'front private'" and then "mov[ing] his hand to her side, by her hip."  We have repeatedly held that a lay juror can determine that a defendant's conduct constitutes grooming behavior.  See, e.g., Commonwealth v. Christie, 89 Mass. App. Ct. 665, 673-674 (2016); Commonwealth v. Wallace, 76 Mass. App. Ct. 411, 418 n.11 (2010).  A lay examiner can as well.

3.  Hearsay.  As a hearing examiner "need not observe the rules of evidence observed by courts," G. L. c. 30A, § 11 (2), "[h]earsay, even multilevel hearsay, may be admissible at classification hearings."  Doe, Sex Offender Registry Bd.

6

No. 356011 v. Sex Offender Registry Bd., 88 Mass. App. Ct. 73, 77 (2015) (Doe No. 356011). "When reviewing an examiner's determination that hearsay evidence is substantially reliable, we ask whether 'it was reasonable for the examiner to admit and credit' the facts described in the hearsay evidence." Doe, Sex Offender Registry Bd. No. 523391 v. Sex Offender Registry Bd., 95 Mass. App. Ct. 85, 89 (2019), quoting Doe No. 356011, 88 Mass. App. Ct. at 77. "Such indicia include 'the general plausibility and consistency of the victim's or witness's story, the circumstances under which it is related, the degree of detail, the motives of the narrator, the presence or absence of corroboration and the like.'" Doe, Sex Offender Registry Bd. No. 339940 v. Sex Offender Registry Bd., 488 Mass. 15, 26-27 (2021) (Doe No. 339940), quoting Doe, Sex Offender Registry Bd. No. 10304 v. Sex Offender Registry Bd., 70 Mass. App. Ct. 309, 313 (2007).

Here, it was reasonable for the examiner to credit the victims' hearsay statements. The victims' statements were rendered substantially reliable by Doe's 2021 guilty plea and 2019 admission to sufficient facts. See Doe, Sex Offender Registry Bd. No. 89230 v. Sex Offender Registry Bd., 452 Mass. 764, 778 (2008) ("[a] CWOF means that Doe admitted, and a sentencing judge found, that the prosecution had sufficient facts to warrant a finding of guilty"); Davis v. Allard, 37

7

Mass. App. Ct. 508, 511 (1994) ("plea itself would be received as an admission").[6]

As part of her analysis, the examiner carefully outlined the victims' allegations of Doe's offenses as described in police reports, sexual assault intervention network (SAIN) interviews, and Department of Children and Families reports. This careful review demonstrated the reliability of the 2017 victim's statements, as the detailed allegations found in the police reports were first repeated in the victim's SAIN interviews and were further corroborated by the observations of the victim's mother. The 2020 victim's statements were plausible and consistent through multiple retellings in her SAIN interview, indicating the statements' reliability. See Doe No. 339940, 488 Mass. at 26-27. Finally, the examiner's careful review was exemplified by her distinguishment of the 2020 victim's twin's allegation that was supported by evidence from those that were not. In sum, it was reasonable for the examiner

---

[6] We note that Doe's violation of the terms of his probation resulted in a conviction being entered in March 2021.

to credit the victims' corroborated statements.

    <u>Conclusion</u>.  The judgment entered in favor of Doe is reversed, and a new judgment shall enter in favor of SORB.

                                   <u>So ordered</u>.

By the Court (Ditkoff, Hand & Grant, JJ.[7]),

Clerk

Entered:  September 19, 2025.

---

[7] The panelists are listed in order of seniority.

9